UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                     Civil Case No. 23-11285
                                                 Criminal Case No. 11-20066-8
                                                 Criminal Case No. 11-20129-14

v.

MICHAEL KENNETH RICH,          Sean F. Cox
                                                  United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER DENYING
DEFENDANT RICH'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE,
SET ASIDE, OR CORRECT SENTENCE**

This matter is currently before the Court on Defendant Kenneth Michael Rich's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence filed in Case Number 11-20066. The parties have briefed the issues and the Court concludes that neither oral argument nor an evidentiary hearing are necessary.

Because Rich's § 2255 Motion filed in Criminal Case Number 11-20066 also references Rich's Criminal Case Number 11-20129, this Court will construe the motion as having been filed in criminal cases.

For the reasons set forth below, the Court DENIES the motion and DECLINES TO ISSUE a certificate of appealability.

**BACKGROUND**

In Criminal Case Numbers 11-20129 and 11-20066, assigned to the Honorable Robert H. Cleland, the "federal government successfully prosecuted multiple members of the 'Devils Diciples [sic] Motorcycle Club' (DDMC) for their role in a RICO enterprise that trafficked large

1

quantities of drugs (namely methamphetamine) and engaged in numerous other illegal acts (like violent crimes, illicit gambling, thefts, and obstruction of justice)." *United States v. Rich*, 14 F.4th 489, 491 (6th Cir. 2021). Michael Kenneth Rich ("Rich") was one of those members and, following a jury trial, he was convicted of multiple counts.

In Criminal Case Number 11-20066, Judge Cleland sentenced Rich to serve 60 counts, per count on Counts 1 and 2, and 120 months on Count 3 with all counts to run concurrently with each other and with the sentence imposed by Judge Cleland in Criminal Case Number 11-20066. (*See* Judgment, ECF No. 397 in Case No. 11-20066).

In Criminal Case Number 11-20129, Judge Cleland sentenced Rich to serve a total term of 360 months of imprisonment. (*See* Judgment, ECF No. 2325 in Case No. 11-20129, at PageID.32800)

Rich filed a direct appeal, that was consolidated with the appeals of several of his Co-Defendants. In that consolidated appeal, the Defendants "raised over seventy issues on appeal." In a published opinion issued on September 13, 2021, the United States Court of Appeals for the Sixth Circuit found all to be lacking in merit and affirmed Defendants' convictions and sentences, including Rich's convictions and sentence. *United States v. Rich*, 14 F.4th 489, 491 (6th Cir. 2021).

The docket reflects that Rich filed a petition for a writ of certiorai with the United States Supreme Court on February 4, 2022, and that it was denied on June 13, 2022. (*See* ECF Nos. 2625 & 2635 in Case No. 11-20129).

As a result, Rich had one year after June 13, 2022, (*i.e.*, until June 13, 2023,) to file any Motion to Vacate under 28 U.S.C. § 2255.

On May 31, 2023, Rich filed a pro se *pro se* "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence" in Case No. 11-20066. (ECF No. 502 in Case No. 11-20066). Because Rich's § 2255 Motion filed in Criminal Case Number 11-20066 also references Rich's Criminal Case Number 11-20129, this Court will construe the motion as having been filed in both of his criminal cases.

Rich used a form § 2255 Motion to file his motion, that consists of twelve pages. (ECF No. 502 in Case No. 11-20066).

The form instructs the petitioner as follows:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

GROUND ONE:

_____

_____

(ECF No. 502 at PageID.22655).

In the area for "Ground One," Rich states he was "denied effective assistance of counsel where Attorney Robert Morgan failed to inform him the Government offered a five-year and ten-year plea pleas [sic]." (*Id*. at PageID.22665). As the "supporting facts" for this ground for relief, Rich refers to his Memorandum of Facts and Law, which states that his attorney, Robert Morgan, "attempted to negotiate a plea agreement with the Government…However, Attorney Morgan never informed Rich the Government offered to allow him to plead guilty to perjury in exchange

3

for a five-year sentence and the dismissal of all remaining charges." (*Id.*) Rich further states that "AUSA Saima Mohsin stated 'the Government has not made any offers to Mr. Rich at this time'…However, AUSA Mohsin stated that she and Attorney Morgan did discuss a plea 'to an alternative charge' but AUSA Mohsin did not receive "any information back from [Attorney Morgan].'" (*Id.*) Rich claims that "had [he] known that the Government offered to allow him to plead guilty to perjury in exchange for a five-year sentence and the dismissal of all remaining charges, he would have accepted the Government's offer." (*Id.*)

The Government filed its response brief on June 6, 2023. (ECF No. 505). Rich filed a reply brief on June 21, 2023. (ECF No. 510). Following Judge Cleland's retirement, this case was reassigned to the undersigned judge. (ECF No. 518). Thus, the matter is ripe for a decision by this Court.

**ANALYSIS**

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255.

To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). Defendants seeking to set aside their sentences pursuant to 28 U.S.C. section

4

2255 have the burden of establishing their case by a preponderance of the evidence. *McQueen v. U.S.*, 58 F. App'x 73, 76 (6th Cir. 2003).

Here, Rich's Motion contains just one ground for relief – that he was denied the effective assistance of counsel, in violation of the Sixth Amendment.

"[P]roving ineffective assistance of counsel 'is never an easy task.'" *Carter v. Parris*, 910 F.3d 835, 838 (6th Cir. 2018) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). To show that he was denied his right to effective assistance, Rich must demonstrate two things: 1) that his counsel's performance was deficient; and 2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A party asserting an ineffective assistance of counsel claim must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690.

Here, Rich asserts that his trial counsel provided ineffective assistance to him. As to this alleged deficient performance, Rich's motion asserts, that had he known that "the Government offered to allow him to plead guilty to perjury in exchange for a five-year sentence and the dismissal of all remaining charges, he would have accepted the Government's offer and plead guilty to perjury and a five-year sentence." (ECF No. 502, PageID.22665).

However, Rich's assertions conflict with his own testimony and statements on the record from his attorney and the Government.

First, Rich points to a portion of testimony from his sentencing hearing, in which one of the Government attorneys—Eric Straus—states that the Government "offered [Rich] a five-year plea, I believe, to perjury or subornation of perjury." (ECF No. 437, PageID.19456).

Rich argues that he was never informed of such an offer, and a failure to communicate such an offer constitutes sufficient evidence to warrant an evidentiary hearing to determine whether

5

there was a reasonable probability that he would have accepted the plea offer had he known about it. (ECF No. 510, PageID.23126).

However, Rich ignores the full context of this discussion at his Sentencing Hearing. Following Straus's claim of this offer, the other government attorney present—Saima Mohsin—corrects Straus, stating that they "had discussions about either the 10-year firearm offense or a subornation of perjury obstruction of justice but…[the] conversation never went beyond a discussion of potential pleas, I don't believe any rule 11 or anything along those lines was ever offered." (ECF No. 437, PageID.19456). Therefore, taken in context, there is no evidence that the Government made any kind of offer to Defendant or that his attorney failed to communicate any formal offer to Rich.

Further, at Rich's *Lafler* hearing on July 13, 2015, Defendant's attorney Morgan stated that he had discussed these potential pleas with Rich, and that Rich was "not interested in" making such a plea. (ECF No. 2411, PageID.22696). Further, according to Morgan, Rich was "basically interested in going to trial and not pursuing negotiations." (*Id.* at PageID.34142).

Rich's assertions also conflict with his own testimony at that same hearing. There, when asked by the Court, Rich confirmed his desire to go to trial, that he was not interested in pursuing negotiations, and that he understood the consequences of his decision. (*Id.* at PageID.34141–44). Rich also stated that he understood that if his trial resulted in a conviction, he could face life in custody, and that he was fully prepared for that possibility. (*Id.*)

As such, Rich's assertions do not entitle him to an evidentiary hearing or any relief on his § 2255 motion. *See Baker v. United States*, 781 F.2d 85 (6th Cir. 1986) ("where the court has scrupulously followed the required procedure [of a Rule 11 plea hearing], the defendant is bound by his statements in response to the court's inquiry."); *Montante v. United States*, 2020 WL

4607575 (6th Cir. 2020) (affirming district court's denial of § 2255 motion, without an evidentiary hearing, where the petitioner's assertions conflicted with his own sworn testimony during his plea colloquy.)

## CONCLUSION & ORDER

Accordingly, the Court **ORDERS** that Rich's § 2255 Motion is **DENIED.**

A certificate of appealability must issue before a petitioner such as Rich may appeal a district court's denial of his § 2255 Motion. **IT IS ORDERED** that this Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's assessment of Rich's § 2255 Motion debatable or wrong.

Finally, because Rich's § 2255 Motion filed in Criminal Case Number 11-20066 also references Rich's Criminal Case Number 11-20129, this Court construes the motion as having been filed in both of his criminal cases.

**IT IS SO ORDERED**.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 27, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 27, 2024, by electronic and/or ordinary mail.

s/J. McCoy
Case Manager