UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,                     Case No. 2:11-cr-20066-8

v.                                     Case No. 2:11-cr-20129-14

MICHAEL KENNETH RICH,          Honorable Susan K. DeClercq
                                         United States District Judge

               Defendant.

_____/

**OPINION AND ORDER TRANSFERRING DEFENDANT'S MOTIONS (Case No. 11-20066, ECF Nos. 550, 555) (Case No. 11-20129, ECF Nos. 2801, 2811) TO THE SIXTH CIRCUIT COURT OF APPEALS**

Defendant Michael Kenneth Rich, proceeding pro se, filed identical motions to vacate, set aside, or correct his sentences under 28 U.S.C. § 2255 in the two above-captioned cases.[1] Case No. 11-20066, ECF No. 550; Case No. 11-20129, ECF Nos. 2801. Rich also filed a related motion to produce in each case. Case No. 11-20066, ECF No. 555; Case No. 11-20129, ECF Nos. 2811. The Government has filed a response arguing that this matter should be transferred to the United States Court of Appeals for the Sixth Circuit. Case No. 11-20066, ECF No. 559; Case No. 11-20129, ECF No. 2813. Rich did not file a reply. This Court has reviewed the record and finds that a hearing is not necessary. For the reasons explained below, this Court will

_____

[1] Rich has also filed a supplemental brief to his § 2255 motion in Case No. 11-20066. ECF No. 556.

transfer the motions to the Sixth Circuit to determine whether Rich may file a second or successive § 2255 motion.

## I. BACKGROUND

In these cases, "[t]he federal government successfully prosecuted multiple members of the 'Devils Disciples Motorcycle Club' (DDMC) for their role in a RICO enterprise that trafficked large quantities of drugs (namely methamphetamine) and engaged in numerous other illegal acts (like violent crimes, illicit gambling, thefts, and obstruction of justice)." *United States v. Rich*, 14 F.4th 489, 491 (6th Cir. 2021). Rich was a member of that gang and was tried in a single jury trial on both indictments. "Rich was convicted of: (1) RICO conspiracy; (2) conspiracy to obstruct justice; (3) subornation of perjury; and (4) obstruction of justice." *United States v. Rich*, 2021 U.S. App. LEXIS 27697, at *148 (6th Cir. Sept. 13, 2021); *see also* Case No. 11-20129, ECF No. 1939.

On October 26, 2018, the Honorable Robert H. Cleland imposed concurrent prison terms of 360 months on the RICO charge and a total of 120 months on the other charges. Case No. 11-20066, ECF No. 397; Case No. 11-20129, ECF No. 2325; *see also Rich*, 2021 U.S. App. LEXIS 27697, at *149. The Sixth Circuit affirmed Rich's convictions and sentence. *See Rich*, 14 F.4th at 491. And the United States Supreme Court denied Rich's petition for a writ of certiorari. Case No. 11-20129, ECF No. 2635.

On March 27, 2024, the Honorable Sean F. Cox denied Rich's first *pro se* motion to vacate, set aside, or correct sentence under § 2255.[2] Case No. 11-20066, ECF Nos. 529, 530; Case No. 11-20129, ECF Nos. 2733, 2734. The Sixth Circuit denied Rich's application for a certificate of appealability. Case No. 11-20066, ECF Nos. 537, 538. Rich now moves for relief under § 2255 once again.[3] Case No. 11-20066, ECF No. 550; Case No. 11-20129, ECF No. 2801.

## II. ANALYSIS

An individual seeking to file a second or successive motion under § 2255 must first ask the appropriate court of appeals for an order authorizing a district court to consider the petition because it either contains newly discovered evidence or there is a new rule of constitutional law that could justify revisiting the sentence. *See* § 2255(h); § 2244(b)(3)(A); S*tewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). When a defendant files a second or successive motion to vacate his sentence in the district court without preauthorization from the court of appeals, the district court must transfer the motion to the court of appeals. *See* 28 U.S.C. § 1631; *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

---

[2] Rich's first § 2255 motion was filed in Case No. 11-20066, but because it also referenced Case No. 11-20129, the Court construed it as having been filed in that case as well.

[3] These cases were reassigned to the undersigned in January and February 2026.

A habeas petition is second or successive when it raises a claim that was ripe for review when the first petition was filed. *In re Tibbetts*, 869 F.3d 403, 406 (6th Cir. 2017). A claim is ripe if the events or factual predicate underlying it had occurred when the original petition was filed. *See In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010); *see also In re Wogenstahl*, 902 F.3d 621, 627–28 (6th Cir. 2018) (*Brady* and ineffective-assistance claims were ripe at the time of the initial petition because their factual predicates had already occurred); *Thomas v. Schiebner*, No. 2:22-CV-11941, 2022 WL 4227867, at *2 (E.D. Mich. Sept. 13, 2022); *Couron v. Christiansen*, No. 1:19-CV-13176, 2019 WL 12043589, at *2 (E.D. Mich. Nov. 4, 2019).

Here, Rich brings a second or successive petition under § 2255 without having sought or received the required permission to do so from the appropriate court of appeals. In Case No. 11-cr-20066, he filed his first § 2255 motion on May 31, 2023. Case No. 11-20066, ECF No. 502. In that motion, Rich argued that he was denied the effective assistance of counsel because his trial attorney failed to inform him that the Government had offered a 5-year plea agreement for perjury and a 10-year plea agreement for the firearm offense. *Id.* at PageID.22667–68. In his present motion, he argues that he is being held in violation of the Constitution because he was not indicted by a grand jury. ECF No. 550 at PageID.23655–56. He further argues that the jury, the Court, and the Government met privately in the jury room to answer a question the jury had raised. *Id.*

Although Rich advances new legal theories, these claims were ripe when he filed his first § 2255 motion. The predicate underlying them—his indictment and the jury deliberations—had already occurred before he filed his original habeas application. His new claims thus come within the scenario contemplated by § 2244(b)(2)(B). *See In re Wogenstahl*, 902 F.3d at 628. The same reasoning applies to his identical motion filed in Case No. 11-cr-20129. Thus, his motions must be transferred to the Court of Appeals for the Sixth Circuit.

### III. CONCLUSION

Accordingly, it is **ORDERED** that the Clerk of Court shall **TRANSFER** Rich's § 2255 motions, Case No. 11-20066, ECF No. 550; Case No. 11-20129, ECF No. 2801, along with the related motions to produce, Case No. 11-20066, ECF No. 555; Case No. 11-20129, ECF No. 2811, to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), for a determination of whether Rich can file a second or successive motion to vacate sentence under 28 U.S.C. § 2255 in these cases.

**IT IS SO ORDERED.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: June 18, 2026

- 5 -